**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0532n.06
Filed: July 28, 2006

No. 05-6703

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MICHAEL J. KELSEY,
    *Plaintiff-Appellant,*

    v.

COMMISSIONER OF SOCIAL SECURITY,
    *Defendant-Appellee*.

_____/

On Appeal from the
United States District Court for
the Eastern District of Kentucky

Before: KENNEDY and DAUGHTERY, Circuit Judges; ADAMS, District Judge[*]

**KENNEDY, J.** Michael J. Kelsey ("claimant") suffers from a variety of ailments including coronary artery disease, obesity, inflammatory bowel disease (Crohn's disease), an anxiety disorder, and organic brain damage. Joint Appendix ("J.A.") at 13. He applied for and was denied Social Security Benefits by the Commissioner of Social Security ("Commissioner"). He appealed to an Administrative Law Judge ("ALJ"), who found that he was not disabled within the parameters of the Social Security Act. Claimant appealed to the district court and the district court granted the Commissioner's motion for summary judgment. Claimant further appealed to this court, and for the following reasons, we **AFFIRM** the district court's judgment.

_____

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

This court must affirm the ALJ's decision unless the ALJ "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). *See also* 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.,* 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard requires only that a "'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner*, 375 F.3d at 390 (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). *See also Longworth,* 402 F.3d at 595. If substantial evidence supports the ALJ's decision, this court will defer to that decision "even if there is substantial evidence in the record that would have supported an opposite conclusion . . . ." *Warner*, 375 F.3d at 390 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997)). *See also Longworth,* 402 F.3d at 595.

On appeal, claimant first argues that the ALJ's decision was not supported by substantial evidence. Claimant raised this same argument in the district court. Having carefully reviewed the district court's opinion, the opinion of the ALJ, the arguments made by the parties in their briefs on appeal,[1] and the evidence in the record, we hold that the district court correctly ruled that the ALJ's opinion was supported by substantial evidence. We further hold that an additional opinion addressing this argument would serve no purpose. Accordingly, we adopt the reasoning of the district court on this point as our own. The ALJ's decision was supported by substantial evidence.[2]

---

[1] This case was submitted on the briefs.

[2] Claimant also argues that the errors committed by the ALJ were not harmless. Because we agree with the district court that the ALJ's opinion was supported by substantial evidence, and, hence that, for the purposes of our review, the ALJ did not commit error, we need not address claimant's arguments on this point.

2

Claimant also argues that the ALJ improperly relied on a hypothetical question asked of a vocational expert that did not include all of claimant's deficiencies. Claimant notes that the ALJ found that the record established that claimant "experience[s] moderate deficiencies of concentration, persistence or pace" but that the ALJ failed to recognize this restriction in the numbered findings at the close of his decision. J.A. at 14, 18-19. Claimant also argues that the ALJ posed a hypothetical to the vocational expert that did not include these deficiencies, and that the failure to include these deficiencies meant that the ALJ believed that claimant was qualified for jobs that were beyond his capacity. We disagree.

First, the failure of the ALJ to list the fact that claimant had moderate deficiencies in concentration, persistence or pace in his findings does not mean that the ALJ did not fully consider those deficiencies. As claimant points out, the ALJ discussed these deficiencies elsewhere. J.A. at 14. Furthermore, claimant can point to no evidence that the ALJ failed to take those moderate deficiencies into account.

Finally, the hypothetical question the ALJ asked the vocational expert included the moderate deficiencies. The vocational expert was asked to include all of the deficiencies in Exhibit 13F in answering the questions posed by the ALJ. J.A. at 301. Exhibit 13F indicates that claimant is moderately limited in his "ability to understand and remember detailed instructions," his "ability to carry out detailed instructions," and in his "ability to maintain attention and concentration for extended periods." *Id*. at 224. Taking into account the findings in Exhibit 13F adequately incorporates moderate deficiencies in concentration, persistence, or pace. Thus, because the ALJ explicitly requested that the vocational expert assume that the moderate deficiencies included in

3

Exhibit 13F were present in answering the hypothetical questions, the ALJ did not commit error by relying on the hypothetical. Claimant's arguments on this point must fail.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.